

FILED
CLERK, U.S. DISTRICT COURT
MAR - 3 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15-350M |
|---|---|
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| JESUS GUZMAN REYES, , | |
| Defendant. | |

### I.

The Court conducted a detention hearing:

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure

the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Lack of significant bail resources
- ☒ Refusal to interview with Pretrial Services
- ☒ No stable residence or employment
- ☒ Previous failure to appear or violations of probation, parole, or release
- ☒ Ties to foreign countries- Defendant is a citizen and native of Mexico
- ☐ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ undocumented immigration status

As to danger to the community:

☒ Nature of previous criminal convictions, which include crimes of violence and narcotics and involves violations of probation

☒ Allegations in present charging document

☐ Substance abuse

☐ Already in custody on state or federal offense

☒ currently subject to a restraining order

V.

☐ The Court finds a serious risk that the defendant will

    ☐ obstruct or attempt to obstruct justice.

    ☐ threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

The Court bases its conclusions on the following:

Defendant is an undocumented alien. Defendant was previously deported/removed to Mexico by immigration authorities in 2008 following his convictions, in 2007 for making criminal threats, a crime of violence, and vandalism, a felony. The Court is not convinced that the defendant will abide by its order to appear for future court appearances if released on bail given his history and the fact that in addition to the prospective penalty that defendant faces, if convicted of the charged offense, he will likely be deported after serving the sentence imposed, and the Court finds that, in conjunction with the other factors noted above, this will provide an incentive to flee the jurisdiction.

## VI.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 3, 2015

/s/
_____
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE